And our last case this morning is Plunkett v. Sproul. All right, I see both counsel. Mr. Bazille, you may proceed. I hope I pronounced that correctly. Yes, thank you. May it please the court. Mr. Bazille, you may proceed. You'll have to turn off the YouTube feed. Otherwise, we're gonna get feedback. I don't have my YouTube on. You still hearing feedback? Not yet. Okay, problem seems to have been solved. Okay, may it please the court. This appeal involves an uncontroverted error acknowledged by the government that distorted the sentencing court's discretion as well as Mr. Plunkett's decision to change his plea. The government focuses on procedural roadblocks to relief, but Plunkett clears them. In his plea agreement, he preserved his right to bring this challenge and he's entitled to 2241 relief under this circuit's longstanding Davenport test. So I'll start with the Davenport issue. The district court took issue with only the third prong of that test, miscarriage of justice, but there was a miscarriage of justice in this case. Narvaez held that erroneously enhancing the mandatory guidelines range is a miscarriage of justice because it is practically equivalent to enhancing the statutory range. And here, Mr. Plunkett's statutory sentencing range was erroneously enhanced like in Narvaez that distorted the sentencing court's discretion. And while it's true that there is language in Hawkins with respect to Narvaez about the fact that at the time of sentencing in Narvaez, the sentence in a way was unauthorized because the guidelines were mandatory, by the time of the post-conviction proceedings in Narvaez, that was really no longer true because that sentence could have been reimposed since Booker had been decided in the interim. And so really what does the work in Narvaez is the distortion of the sentencing court's discretion. And we know that, for example, because the Narvaez opinion points to Tucker. Actually, counsel, before you get too much further along in your merits argument, perhaps we need to start with the collateral relief waiver. Yes. So for two independent reasons, that issue should not bar Mr. Blunkett's petition or this appeal. At first, this challenge doesn't fall within the waiver's scope. And even if the panel disagrees with that, it shouldn't enforce the collateral review waiver in the circumstances of this case. So starting with the first one, the carve out from the collateral review waiver that the district court flag applies in this case. And that is that there was a retroactive change in the interpretation of law that renders Mr. Blunkett actually innocent of the charges. Now, I understand that the government asserts that the term charges in the plea agreement refers unambiguously to the charge violation of 841A1, the unlawful delivery offense. But in context, the fair reading of charges is that it also, which is plural by the way, also encompasses the charge sentencing enhancement. And the main reason for that is if we look at the information that the government filed under section 851, the government uses the language charge to refer to charging the sentencing enhancement specifically at page four of the supplemental appendix, the government wrote that it was filing an information charging private offenses in order to subject the defendant to the sentencing enhancement. And we also know, of course, the carve out also has this language actually innocent, but in this court's opinion in Peron, describing the claim in Narvaez, which was a challenge to a sentence enhancement based on the fact of a prior conviction, just like here, this court referred to that challenge as a claim of being actually innocent of that sentencing enhancement. So within the context of this area of law, within the context of the filings that the government put forth with respect to the sentence enhancement, the fairest reading, if we're trying to understand, you know, what the parties understood by that plea agreement, it was that the charge, charges refers to the sentence enhancement as well. And- Narvaez didn't have a collateral relief waiver. It was a different, presented in a different procedural posture. Yes, Your Honor, that's true. My reference to it there was only with respect to how Peron described the claim in Narvaez. So although Narvaez didn't present- For purposes of some statutory procedural hurdles, what we have here is a plea agreement that waives collateral relief, except for arguments that the defendant is actually innocent of the charges, that is the crimes, or the crime in this case that was charged against him, not that his sentence was unlawful. Yes, I don't disagree with any of that. Our position is that with all that accepted, that charges not only refers to the 841A1 charged crime, but also to the charge sentencing enhancement based on how the government used the word charge in the information here. And that actually innocent can also refer to a claim of being innocent of a charge sentencing enhancement based on how Peron described the claim in Narvaez, not arguing that this issue was in Narvaez itself. But even if the panel, you know, isn't moved by that argument, you know, there's an independent argument that it shouldn't enforce the waiver in the circumstances of this case, because Plunkett was never informed of the correct statutory maximum sentence. And the government's cases, to try to nevertheless enforce the waiver here, none of them involved a retroactive change in law concerning the statutory sentence that the defendant who pleaded guilty was subject to. And it's axiomatic that a defendant be aware of the statutory sentence of maximum exposure that the defendant faces when waiving the right to bring a collateral review. So for those two reasons, for either of those reasons, since they're independent, the court should entertain this appeal and on the kind of merits of the appeal, you know, back on the 2241 issue. The miscarriage of justice here, as I was saying towards the beginning, involved the distortion of the sentencing court's discretion in Narvaez, you know, it was important in Narvaez that the label career offender that was erroneously imposed in that case distorted the sentencing court's discretion there. And the court said it was akin to relying on misinformation of constitutional magnitude. And here we have exactly misinformation of constitutional magnitude, the sentence that Congress selected for the crime. I see I'm within my rebuttal time. I would like to preserve some, if I may. Yes, that's fine. Thank you, Mr. Kutchin. Thank you, your honors. May it please the court. My name is Jim Kutchin. I'm an assistant U.S. attorney and I represent the respondent, Dan Spruill in this matter, or more commonly, I guess, referred to as the government. As we say in our brief, your honors, I believe that the plea agreement waiver does cover Mr. Plunkett's 2241 petition. There's two very simple questions the court must ask. Does this challenge fall within the scope of the waiver? And the language in the plea agreement could not be any more clear that it applies to collateral attacks brought under any provision of federal law, including Title 18 or Title 28. The exceptions in the plea agreement don't apply. This court applies the common and ordinary meaning of words when it's interpreting the language and charges mean exactly that, the charges in the indictment. The exception that the court has carved out itself for unlawful sentences doesn't apply for two reasons. First, the sentence that was imposed, even under Mr. Plunkett's theory of the case, was still a lawful sentence as it was below 240 months. Also, it doesn't apply, also even if it had been above 240 months, because as the court's decisions in Carson and Worthen teach us, you can't have to decide the underlying merits of the appeal to determine whether the sentence was unlawful, and you do in this case. Also, the waiver was knowing and voluntary. The Rule 11 colloquy shows that the district judge in this case, Judge Steele, went through meticulously with the defendant that provision and made sure that he understood that, along with all the other requirements of Rule 11. Interestingly, or noteworthy, in Mr. Plunkett's reply brief, he doesn't contest that I saw any way that trial counsel was unlawful, excuse me, trial counsel was ineffective in negotiating the plea agreement, or the waiver in this case, and I think he does so for good reason, because if he claims that counsel should have understood this to be an argument, a good argument to be made, that that would really doom his argument on the merits, that it was a foreclosed argument to him. So for all those reasons, the government's position is that the plea agreement waiver applies, and this appeal must be dismissed. On the merits, this court has held that unpreserved, that the unpreserved cocaine isomer argument that Mr. Plunkett wants to press cannot serve as the basis for relief in a direct appeal. That was in Nebinger or in an initial 2255, that was in White, because such challenges were never foreclosed to people like Mr. Plunkett, who was sentenced before Elder was decided in the circuit. Nonetheless, Mr. Plunkett argues that a different result should occur here in the context of 2241 in the Savings Clause. This court has repeatedly emphasized that the Savings Clause is a very narrow, very narrow, the most narrow vehicle for which a defendant can use to challenge  and so based on that, Mr. Plunkett's argument really makes no sense, and moreover, is inconsistent with the panel opinion, though unpublished, that this court issued in Liscano versus Ensel, which rejected the same type of cocaine definitional challenge under the Savings Clause. I don't want to belabor the points that we've made in our brief, but certainly, the government's position is that Mr. Plunkett's argument fails on all three prongs of the Davenport test. The second prong is the most obvious. He doesn't rely on any kind of rule or any point that he could not have pressed, most importantly, in his first prior 2255 proceeding, but really could have pressed in sentencing or in a direct appeal had he not waived his appeal rights. This argument certainly was not impossible. As this court's precedent, recent precedent teaches, meaning that there was no structural barrier to him bringing that argument. His argument is essentially that it would have been difficult to make, but certainly difficult is not the same as impossible, and interestingly, in Nebinger, this court described those arguments as not even a long shot when it denied Mr. Nebinger the right to belatedly bring those challenges. And again, there are lots of questions that this court has identified in Gunther as being undecided, and the government respectfully asserts the court doesn't have to wade into that thicket in this case because it's clear, even if a circuit-level precedent could serve as the basis for savings clause relief, Mr. Plunkett's claim, which is based on Elder and really has nothing to do with Mathis, it was not foreclosed to him. So even if Elder could serve as the basis had it overruled some prior precedent of the court, then the court doesn't need to wade into that or answer that question because Elder did not do that. The basis that the district court cited for denying the petition was the lack of miscarriage of justice, and again, for the reasons stated in the government's brief, it's clear there was no miscarriage of justice in this case. The sentence imposed was below the statutory maximum, and this court has rejected these point-of-departure type arguments for sentences that fall below the limits set by Congress. So for all of those reasons, unless the court has any questions, and for the reasons stated in our brief, the government asserts that the appeal must be dismissed on the plea waiver. Alternatively, the district court should be affirmed. Thank you. Thank you. Mr. Bessio. Thank you. I'll focus on three points in response. Just the last point on the plea waiver, to the extent there is ambiguity here, the ambiguity should go in favor of the defendant. The second point on Nebinger and White, both those cases involved a different statutory criterion under a serious drug offense under YACA, and which, of course, was the statute at issue in Taylor, and they shouldn't control with respect to whether it was clear that a categorical approach challenge could have been brought to felony drug offense. The government's position is a bit divorced from reality, because as the government hasn't disputed, it was controlling precedent in this circuit that a 401D conviction was a felony drug offense, and that this circuit accepted the challenges to that holding would be frivolous. And that's with respect to Elder, and Nebinger and White are only about Elder. So even if the panel doesn't accept any of that, none of those cases had anything to do with Mathis, and Mr. Plunkett does rely on Mathis, because this court's approach to divisibility before Mathis would have incorrectly treated a 401D as divisible, and because the state record of conviction is ambiguous as to what controlled substance supported his conviction, he has to challenge 401D as categorically overbroad as a whole. And finally, with respect to miscarriage of justice, I articulated our position on that, and the government's response is not responsive at all to the argument about the mandatory minimum that was erroneously enhanced with respect to the supervision term. So at minimum, this panel should vacate the supervision term, but it should do more than that, and it should vacate the sentence. And for these reasons, I respectfully request that this court reverse. All right, our thanks to both counsel and Mr. Bazille. I believe you and your firm accepted this representation pro bono at the request of the court, is that right? It is. Yes, you have the thanks of the court for your service to your client and the court. Thank you very much. And our thanks to both counsel. The case is taken under advisement, and the court will be in recess. Thank you.